## HOLDEN v. HADLEY.

AUTOMOBILES—EVIDENCE—NEGLIGENCE.

Evidence, in an action for personal injuries, tending to show that the defendant's automobile collided with plaintiff who was riding on a bicycle, that defendant in operating his car turned the corner on the wrong side of the street intersection, and that he was driving at an excessive rate of speed, sustained a judgment for the plaintiff, although the defendant's evidence tended to dispute the claim.

Error to Eaton; Smith, J. Submitted April 7, 1914. (Docket No. 5.) Decided June 1, 1914.

Case by Walter Holden against Adelbert Hadley for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Stewart & Jacobs,* for appellant.

*Rosslyn L. Sowers,* for appellee.

McALVAY, C. J. Plaintiff recovered judgment against defendant for personal injuries claimed to have been caused by defendant in negligently running over him in the highway with an automobile which defendant was operating. Defendant brings the case to this court for review and asks for reversal upon errors assigned.

The accident occurred in the city of Sturgis, Mich., at the intersection of Chicago and Nottawa streets. It is the claim of the plaintiff that, at the time of the accident, he was riding a bicycle westward on Chicago street, which runs east and west through Sturgis, on the right-hand side of said street about 10 feet from the curb, and was some distance east of the intersection of these streets when he noticed automobiles, with tops up, approaching from the west on the same side of said street in a direct line with him. He saw but two automobiles coming quite near to each other, one directly in line with the other. There was in fact a third automobile in the same line which he says he did not see. Plaintiff was riding at a speed of not more than six miles an hour. As the automobiles approached the intersection of these streets, the first turned north into Nottawa street and was immediately followed by the other. Both of these machines turned into said street at the right of its center line. Plaintiff had at that time gone west nearly to the middle

of Nottawa street and, proceeding to cross immediately behind the second car, was struck by the third automobile, which was a 5-passenger 40-horse power touring car, weighing 2,500 pounds. This car struck him when he was nearly across Nottawa street. He was picked up about 8 feet from the sidewalk line of that street and about 15 or 20 feet north of the curb line of Chicago street. He says he did not discover the third car until the second car had gotten away from in front of it, and then he immediately turned his wheel to the north to avoid collision. When the collision occurred he was about in a line with the crosswalk on the right-hand side of Chicago street. He was struck by the fender over the left-hand front wheel of defendant's machine.

The negligence charged by plaintiff is that, in violation of Act No. 318, Pub. Acts 1909, defendant negligently operated his machine in the city of Sturgis at a higher rate of speed than 10 miles per hour, and also failed to keep his automobile to the right side of Chicago street, and at the intersection of these streets failed to keep to the right of the center of intersection of these streets. There was a dispute relative to both of these propositions. The facts were submitted to the jury, which found in favor of plaintiff.

The errors assigned and relied upon are that the declaration did not state a cause of action, and the court erred in receiving any evidence under it, also in overruling other objections to evidence, the refusal of the court to direct a verdict for the defendant on the ground of contributory negligence of plaintiff, in refusing to give certain requests of defendant, and upon exceptions to certain portions of the charge of the court.

An examination of the declaration shows that the claim of defendant that there is no negligence charged, and that there is no allegation that plaintiff

was exercising due care and was without negligence on his part, is not sustained. The case was tried upon the second count of plaintiff's declaration, and it contains sufficient allegations of a violation of the statute in driving on the left-hand side of the road at an excessive rate of speed into Nottawa street on the left of the center and negligently turning, contrary to statute, and also as to due care exercised on plaintiff's part. No error was committed in refusing to direct a verdict for defendant.

Several errors are assigned upon the admission of evidence permitted by the court. These have been examined, and we do not find that any error was committed by the court in receiving such testimony.

Errors are assigned upon the refusal to give five requests of defendant. These requests asked for a directed verdict in favor of defendant and related to the contributory negligence of plaintiff. The court was not in error in refusing to give them as they were not adapted to the evidence in the case. The court correctly charged the jury upon the question of contributory negligence of plaintiff and upon the law applicable to the case. Defendant can have no cause to complain that this charge was unfavorable to him.

The theory of the plaintiff was that defendant was driving his automobile unlawfully at a high rate of speed behind the other automobiles on the wrong side of the highway and, turning into Nottawa street as close as possible to the left-hand side of said street, could not be seen by plaintiff until after the other machines had passed into Nottawa street, when it was too late to avoid a collision.

Upon the disputed questions of fact, the jury found against the defendant. Such finding was supported by the great weight of the evidence in the case, and the amount of the verdict is not claimed to be excessive. In his charge the court refused to allow a re-

covery for the bicycle, which was not plaintiff's property, and limited the plaintiff's damages to the value of his loss of time, expenses incurred for medical attendance and medicines, caring for and treating his injury, and compensation for his pain and suffering, but excluded recovery for care given to him by his wife.

We find no reversible error in the case. The judgment of the circuit court is affirmed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.